IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CELGENE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| AUROBINDO PHARMA LIMITED and | ) | |
| AUROBINDO PHARMA U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Celgene Corporation ("Celgene" or "Plaintiff"), by its undersigned attorneys, brings this action against Defendants Aurobindo Pharma Limited ("Aurobindo Limited") and Aurobindo Pharma U.S.A., Inc. ("Aurobindo USA") (collectively, "Aurobindo" or "Defendants"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271. This action relates to Abbreviated New Drug Application ("ANDA") No. 211716 (hereinafter, "Aurobindo's ANDA"), filed by and for the benefit of Aurobindo with the United States Food and Drug Administration ("FDA"). Through Aurobindo's ANDA, Aurobindo seeks approval to market generic versions of Celgene's OTEZLA® (apremilast) 10 mg, 20 mg, and 30 mg tablets (hereinafter, "Aurobindo's Infringing ANDA Products"), prior to the expiration of Celgene's United States Patent Nos. 6,962,940 ("the '940 Patent"), 7,208,516 ("the '516 Patent"), 7,427,638 ("the '638 Patent"), 7,659,302 ("the '302 Patent"), 7,893,101 ("the '101 Patent"), 8,455,536 ("the '536 Patent"), 8,802,717 ("the '717 Patent"), 9,018,243 ("the '243 Patent"), and 9,872,854 ("the '854 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2.      Celgene is a biopharmaceutical company committed to improving the lives of patients worldwide. Celgene focuses on, and invests heavily in, the discovery and development of products for the treatment of severe and life-threatening conditions. Celgene is a world leader in the treatment of many such diseases. Celgene is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 86 Morris Avenue, Summit, New Jersey 07901.

3.      On information and belief, Defendant Aurobindo Limited is a corporation organized and existing under the laws of India, having a registered office at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad - 500038, Telangana, India and a corporate office at Water Mark Building, Plot No. 11, Survey No. 9, Kondapur, Hitech City, Hyderabad - 500084, Telangana, India.

4.      On information and belief, Defendant Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey 08520.

5.      On information and belief, Aurobindo USA is a wholly owned subsidiary of Aurobindo Limited.

6.      On information and belief, Aurobindo USA acts at the direction, and for the benefit, of Aurobindo Limited, and is controlled and/or dominated by Aurobindo Limited.

7.      On further information and belief, Aurobindo Limited and Aurobindo USA collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Defendants are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

8.      On information and belief, Aurobindo Limited and Aurobindo USA acted collaboratively in the preparation and submission of ANDA No. 211716.

9.      On information and belief, Aurobindo USA acts as the U.S. agent for Aurobindo Limited for purposes of regulatory submissions to FDA in seeking approval for generic drugs.

10.     On information and belief, Aurobindo USA acts as the U.S. agent of Aurobindo Limited for ANDA No. 211716.

11.     On information and belief, Aurobindo Limited relied on material assistance from Aurobindo USA to market, distribute, offer to sell, or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Defendants intend to act collaboratively to commercially manufacture, market, distribute, offer to sell, or sell Aurobindo's Infringing ANDA Products in the event FDA approves ANDA No. 211716.

## JURISDICTION AND VENUE

12.     This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, for infringement of the Patents-in-Suit.

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

14.     This Court has personal jurisdiction over each of the Defendants because, *inter alia*, on information and belief, Defendants have continuous and systematic contacts with the State of Delaware, regularly conduct business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, have purposefully availed themselves of the privilege of doing business in the State of Delaware, and intend to sell Aurobindo's Infringing ANDA Products in the State of Delaware upon approval of ANDA No. 211716.

15. This Court also has personal jurisdiction over Defendant Aurobindo USA at least because Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware.

16. On information and belief, Aurobindo is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within the State of Delaware, through its own actions and through the actions of its agents and subsidiaries, from which Aurobindo derives a substantial portion of its revenue.

17. On information and belief, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, has engaged in the research and development, and the preparation and filing, of ANDA No. 211716, continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of ANDA No. 211716.

18. On information and belief, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, prepared and submitted ANDA No. 211716 with a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

19. On information and belief, following FDA approval of ANDA No. 211716, Aurobindo intends to market, offer to sell, sell, or distribute Aurobindo's Infringing ANDA Products throughout the United States and within the State of Delaware, that will, as explained below, infringe upon Celgene's rights in the Patents-in-Suit protecting its OTEZLA® products. On information and belief, following FDA approval of ANDA No. 211716, Aurobindo knows

and intends that Aurobindo's Infringing ANDA Products will be marketed, used, distributed, offered for sale, or sold in the United States and within the State of Delaware.

20.     On information and belief, Aurobindo USA is the agent in the United States for Aurobindo Limited. On information and belief, Aurobindo USA acts at the direction of, under the control of, and/or for the benefit of Aurobindo Limited and is controlled by Aurobindo Limited.

21.     On information and belief, Aurobindo USA is registered to do business in the State of Delaware under File Number 3769913 and holds an active Pharmacy - Wholesale license (No. A4-0001270) in Delaware.

22.     Aurobindo has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. *See, e.g.*, *Allergan Sales, LLC et al. v. Aurobindo Pharma USA, Inc. et al.*, No. 1-18-cv-00118, D.I. 8 (D. Del. May 4, 2018); *Forest Laboratories, LLC et al. v. Aurobindo Pharma Ltd. et al.*, No. 1-17-cv-01210, D.I. 8 (D. Del. Sept. 21, 2017); *Kissei Pharm. Co., Ltd. et al. v. Aurobindo Pharma Ltd. et al.*, No. 1-17-cv-01161, D.I. 12 (D. Del. Sept. 13, 2017). Aurobindo has purposefully availed itself of the rights and benefits of this Court by asserting counterclaims in this Court.

23.     This Court also has personal jurisdiction over Aurobindo at least because, *inter alia*, (a) Aurobindo has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products in the United States, including in the State of Delaware; (b) Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market, distribute, offer to sell, or sell Aurobindo's Infringing ANDA Products in the United States, including in the State of Delaware and to residents of this Judicial District, upon approval of ANDA No. 211716, and will derive

substantial revenue from the use or consumption of Aurobindo's Infringing ANDA Products in the State of Delaware; and (c) Aurobindo has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware, and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if ANDA No. 211716 is approved, Aurobindo's Infringing ANDA Products charged with infringing the Patents-in-Suit would, *inter alia*, be marketed, distributed, offered for sale, or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

24.     This Court also has personal jurisdiction over Aurobindo because Aurobindo has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Celgene, a corporation incorporated in the State of Delaware that manufactures OTEZLA® drug products for sale and use throughout the United States, including in this Judicial District. On information and belief, Aurobindo filed ANDA No. 211716 with a Paragraph IV Certification, which was purposefully directed to the State of Delaware, where Celgene is incorporated. As a result, the consequences of Aurobindo's actions were, and will be, suffered in the State of Delaware. Aurobindo knew or should have known that the consequences of its actions were, and will be, suffered in the State of Delaware. At the time Aurobindo sent notice of the Paragraph IV Certification, it was reasonably foreseeable that Aurobindo would be sued within 45 days in this Judicial District, where Celgene is incorporated. On information and belief, Aurobindo's actions will injure Celgene by displacing at least some, if not all, of Celgene's sales of OTEZLA® drug products in this Judicial

District, as well as resulting in price erosion and loss of goodwill with the purchasers and distributors of OTEZLA® drug products in this Judicial District.

25.     In the alternative, this Court has personal jurisdiction over Aurobindo Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Celgene's claims arise under federal law; (b) Aurobindo Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Aurobindo Limited has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Limited satisfies due process.

26.     On information and belief, Aurobindo has also engaged in substantial, systematic, and continuous contacts with Delaware that satisfy due process and confer personal jurisdiction over Aurobindo in Delaware.

27.     At least because, on information and belief, Aurobindo Limited is a foreign corporation, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

28.     At least because, on information and belief, Aurobindo USA is incorporated in Delaware, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

## CELGENE'S PATENTS AND APPROVED OTEZLA® DRUG PRODUCTS

29.     Celgene makes and sells OTEZLA® (apremilast) 10 mg, 20 mg, and 30 mg tablets (collectively, "OTEZLA®") for oral use to treat adult patients with active psoriatic arthritis (Indication 1.1), as well as patients with moderate to severe plaque psoriasis who are candidates for phototherapy or systemic therapy (Indication 1.2). The active ingredient in OTEZLA® is

apremilast. A true and correct copy of the prescribing information for Celgene's OTEZLA® is attached as Exhibit A.

30.     Celgene holds New Drug Application ("NDA") No. 205437, under which FDA approved the marketing of OTEZLA® on March 21, 2014.

31.     OTEZLA® is the first approved pharmaceutical product to contain apremilast. In recognition of this, the FDA granted OTEZLA® five years of regulatory exclusivity for a new chemical entity, which expires on March 21, 2019, pursuant to 21 C.F.R. § 314.108.

32.     OTEZLA® and one or more of its approved uses are covered by claims of the Patents-in-Suit.

33.     The Patents-in-Suit are listed in *Approved Drug Products With Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "*Orange Book*") in connection with NDA No. 205437.

34.     Celgene, as the assignee, owns the entire right, title, and interest in each of the Patents-in-Suit. Celgene has the right to enforce each of these Patents.

35.     The '940 Patent is entitled, "(+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione, Methods of Using and Compositions Thereof." The '940 Patent was duly and legally issued on November 8, 2005. The *Orange Book* presently shows that the '940 Patent's term ends on March 19, 2023. A true and correct copy of the '940 Patent is attached as Exhibit B.

36.     The '516 Patent is entitled, "Methods of the Treatment of Psoriatic Arthritis Using (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '516 Patent was duly and legally issued on April 24, 2007. The *Orange Book*

presently shows that the '516 Patent's term ends on March 19, 2023. A true and correct copy of the '516 Patent is attached as Exhibit C.

37.   The '638 Patent is entitled, "(+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione, and Methods of Synthesis and Compositions Thereof." The '638 Patent was duly and legally issued on September 23, 2008. The *Orange Book* presently shows that the '638 Patent's term ends on February 16, 2028. A true and correct copy of the '638 Patent is attached as Exhibit D.

38.   The '302 Patent is entitled, "Methods of Using (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '302 Patent was duly and legally issued on February 9, 2010. The *Orange Book* presently shows that the '302 Patent's term ends on March 19, 2023. A true and correct copy of the '302 Patent is attached as Exhibit E.

39.   The '101 Patent is entitled, "Solid Forms Comprising (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione, Compositions Thereof, and Uses Thereof." The '101 Patent was duly and legally issued on February 22, 2011. The *Orange Book* presently shows that the '101 Patent's term ends on December 9, 2023. A true and correct copy of the '101 Patent is attached as Exhibit F.

40.   The '536 Patent is entitled, "Methods of Using (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '536 Patent was duly and legally issued on June 4, 2013. The *Orange Book* presently shows that the '536 Patent's term ends on March 19, 2023. A true and correct copy of the '536 Patent is attached as Exhibit G.

41.     The '717 Patent is entitled, "Methods of Treating Arthritic Conditions Using (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '717 Patent was duly and legally issued on August 12, 2014. The *Orange Book* presently shows that the '717 Patent's term ends on March 19, 2023. A true and correct copy of the '717 Patent is attached as Exhibit H.

42.     The '243 Patent is entitled, "Solid Forms Comprising (+)-2-[1-(3-Ethoxy-4-Methoxyphenyl)-2-Methylsulfonylethyl]-4-Acetylaminoisoindoline-1,3-Dione." The '243 Patent was duly and legally issued on April 28, 2015. The *Orange Book* presently shows that the '243 Patent's term ends on March 19, 2023. A true and correct copy of the '243 Patent is attached as Exhibit I.

43.     The '854 Patent is entitled, "Methods For the Treatment of Psoriatic Arthritis Using Apremilast." The '854 Patent was duly and legally issued on January 23, 2018. The *Orange Book* presently shows that the '854 Patent's term ends on May 29, 2034. A true and correct copy of the '854 Patent is attached as Exhibit J.

## AUROBINDO'S ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

44.     On information and belief, Aurobindo has submitted or caused to be submitted ANDA No. 211716 to FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the apremilast tablets described therein, as a purported generic version of OTEZLA®, prior to the expiration of the Patents-in-Suit.

45.     On information and belief, Aurobindo's Infringing ANDA Products are tablets that comprise 10 mg, 20 mg, or 30 mg of apremilast as the active pharmaceutical ingredient.

46.     On information and belief, FDA has not yet approved ANDA No. 211716.

47.     Celgene received a Notice of Paragraph IV Certification from Aurobindo dated May 25, 2018 ("Notice Letter"). The Notice Letter represented that Aurobindo had submitted to FDA ANDA No. 211716 with a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the products described in ANDA No. 211716, before the expiration of the patents listed in the *Orange Book* for OTEZLA®. Hence, Aurobindo's purpose in submitting ANDA No. 211716 is to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products before the expiration of the Patents-in-Suit.

48.     The Notice Letter states that the Paragraph IV Certification in ANDA No. 211716 alleges that the Patents-in-Suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products.

49.     The Notice Letter contained a purported detailed statement of the factual and legal basis for Aurobindo's opinion that the Patents-in-Suit are purportedly invalid, unenforceable, or not infringed by the manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products ("Paragraph IV Statement").

50.     On information and belief, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, has assisted with and participated in the preparation and submission of ANDA No. 211716, has provided material support to the preparation and submission of ANDA No. 211716, and intends to support the further prosecution of ANDA No. 211716. On information and belief, Aurobindo Limited and Aurobindo USA are acting in

concert with one another with respect to the preparation, submission, and further prosecution of ANDA No. 211716.

51.     On information and belief, if FDA approves ANDA No. 211716, Aurobindo will manufacture, offer to sell, or sell Aurobindo's Infringing ANDA Products within the United States, including within the State of Delaware, or will import Aurobindo's Infringing ANDA Products into the United States, including Delaware.

52.     On information and belief, if FDA approves ANDA No. 211716, Aurobindo will actively induce or contribute to the manufacture, use, offer to sell, sale, or importation of Aurobindo's Infringing ANDA Products in the United States.

53.     Celgene brings this action pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of the Notice Letter. *See* 21 U.S.C. § 355(c)(3)(C).

## COUNT 1
## INFRINGEMENT OF THE '940 PATENT

54.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

55.     On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

56.     Aurobindo has infringed the '940 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '940 Patent.

57.     The '940 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

58.     On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

59.     Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '940 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '940 Patent. *See id.*

60.     On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '940 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '940 Patent. In

addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '940 Patent and knowledge that it is encouraging infringement.

61.     Aurobindo had actual and constructive notice of the '940 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '940 Patent would constitute an act of infringement of the '940 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '940 Patent.

62.     Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '940 Patent.

63.     On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '940 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '940 Patent renders this case "exceptional" under 35 U.S.C. § 285.

64.     Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '940 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 2**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '940 PATENT**

65.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

66.     Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

67.     The '940 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

68.     On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

69.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '940 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

70.     On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '940 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '940 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

71.     On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '940 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '940 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

72.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '940 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

73.     Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

74.     This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 3
## INFRINGEMENT OF THE '516 PATENT

75.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

76.     On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

77.     Aurobindo has infringed the '516 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '516 Patent.

–16–

78.   The '516 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

79.   On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

80.   Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '516 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '516 Patent. *See id.*

81.   On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and

which, if followed, will infringe the '516 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '516 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '516 Patent and knowledge that it is encouraging infringement.

82.     Aurobindo had actual and constructive notice of the '516 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '516 Patent would constitute an act of infringement of the '516 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '516 Patent.

83.     Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '516 Patent.

84.     On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '516 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '516 Patent renders this case "exceptional" under 35 U.S.C. § 285.

85.     Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '516 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene

and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 4
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '516 PATENT

86.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

87.     Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

88.     The '516 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

89.     On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

90.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '516 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

91.     On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '516 Patent. Aurobindo will

therefore contribute to, or induce, the infringement of one or more claims of the '516 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

92.     On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '516 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '516 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

93.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '516 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

94.     Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

95.     This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 5
## INFRINGEMENT OF THE '638 PATENT

96.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

97.     On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

98.     Aurobindo has infringed the '638 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '638 Patent.

99.     The '638 Patent includes claims that recite (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione; or a pharmaceutical composition or a single unit dosage form comprising (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

100.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

101.    On information and belief, Aurobindo's Infringing ANDA Products are pharmaceutical compositions or single unit dosage forms containing (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

102.    Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '638 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '638 Patent. *See id.*

103.    On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will

market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '638 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '638 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '638 Patent and knowledge that it is encouraging infringement.

104.    Aurobindo had actual and constructive notice of the '638 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '638 Patent would constitute an act of infringement of the '638 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '638 Patent.

105.    Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '638 Patent.

106.    On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '638 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '638 Patent renders this case "exceptional" under 35 U.S.C. § 285.

107.    Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '638 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 6
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '638 PATENT

108.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

109.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

110.    The '638 Patent includes claims that recite (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione; or a pharmaceutical composition or a single unit dosage form comprising (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

111.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

112.     On information and belief, Aurobindo's Infringing ANDA Products are pharmaceutical compositions or single unit dosage forms containing (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

113.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '638 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

114.     On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '638 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '638 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

115.     On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '638 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '638 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

116.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '638 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

117.     Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

118.     This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT 7**
**INFRINGEMENT OF THE '302 PATENT**

119.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

120.     On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

121.     Aurobindo has infringed the '302 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '302 Patent.

122.     The '302 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

123.     On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

124.     Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products

would directly infringe, or would actively induce or contribute to infringement of the '302 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '302 Patent. *See id.*

125.    On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '302 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '302 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '302 Patent and knowledge that it is encouraging infringement.

126.    Aurobindo had actual and constructive notice of the '302 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '302 Patent would constitute an act of infringement of the '302 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '302 Patent.

127.    Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '302 Patent.

128.    On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '302 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '302 Patent renders this case "exceptional" under 35 U.S.C. § 285.

129.    Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '302 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 8**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '302 PATENT**

130.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

131.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

132.    The '302 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

133.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

134.    On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '302 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

135.    On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '302 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '302 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

136.    On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves

Aurobindo's ANDA. Any such conduct before the '302 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '302 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

137.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '302 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

138.    Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

139.    This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 9
## INFRINGEMENT OF THE '101 PATENT

140.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

141.    On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

142.    Aurobindo has infringed the '101 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '101 Patent.

143.    The '101 Patent includes claims that recite a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

144.    On information and belief, Aurobindo's Infringing ANDA Products contain a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

145.    Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '101 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '101 Patent. *See id.*

146.    On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and

which, if followed, will infringe the '101 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '101 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '101 Patent and knowledge that it is encouraging infringement.

147.    Aurobindo had actual and constructive notice of the '101 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '101 Patent would constitute an act of infringement of the '101 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '101 Patent.

148.    Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '101 Patent.

149.    On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '101 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '101 Patent renders this case "exceptional" under 35 U.S.C. § 285.

150.    Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '101 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene

and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 10
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '101 PATENT

151.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

152.     Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

153.     The '101 Patent includes claims that recite a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

154.     On information and belief, Aurobindo's Infringing ANDA Products contain a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

155.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '101 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

156.     On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert

accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '101 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '101 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

157.    On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '101 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '101 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

158.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '101 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

159.    Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

160.    This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 11
## INFRINGEMENT OF THE '536 PATENT

161.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

162.    On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

163.    Aurobindo has infringed the '536 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '536 Patent.

164.    The '536 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

165.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

166.    Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '536 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '536 Patent. *See id.*

167.    On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally

accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '536 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '536 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '536 Patent and knowledge that it is encouraging infringement.

168.   Aurobindo had actual and constructive notice of the '536 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '536 Patent would constitute an act of infringement of the '536 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '536 Patent.

169.   Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '536 Patent.

170.   On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '536 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity,

unenforceability, and/or non-infringement with respect to the '536 Patent renders this case "exceptional" under 35 U.S.C. § 285.

171.    Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '536 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 12**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '536 PATENT**

172.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

173.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

174.    The '536 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

175.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

176.    On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '536 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

177.    On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '536 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '536 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

178.    On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '536 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '536 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

179.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '536 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

180.    Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

181.    This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 13
## INFRINGEMENT OF THE '717 PATENT

182.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

183.     On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

184.     Aurobindo has infringed the '717 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '717 Patent.

185.     The '717 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

186.     On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

187.     Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '717 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '717 Patent. *See id.*

188.     On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will

market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '717 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '717 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '717 Patent and knowledge that it is encouraging infringement.

189.    Aurobindo had actual and constructive notice of the '717 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '717 Patent would constitute an act of infringement of the '717 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '717 Patent.

190.    Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '717 Patent.

191.    On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '717 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '717 Patent renders this case "exceptional" under 35 U.S.C. § 285.

192.    Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '717 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 14**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '717 PATENT**

193.    Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

194.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

195.    The '717 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

196.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

197.    On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States,

including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '717 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

198.    On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '717 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '717 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

199.    On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '717 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '717 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

200.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '717 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

201.   Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

202.   This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT 15**
**INFRINGEMENT OF THE '243 PATENT**

203.   Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

204.   On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

205.   Aurobindo has infringed the '243 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '243 Patent.

206.   The '243 Patent includes claims that recite methods of administering a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

207.   On information and belief, Aurobindo's Infringing ANDA Products contain a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

208.   Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products

would directly infringe, or would actively induce or contribute to infringement of the '243 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '243 Patent. *See id.*

209.    On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '243 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '243 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '243 Patent and knowledge that it is encouraging infringement.

210.     Aurobindo had actual and constructive notice of the '243 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '243 Patent would constitute an act of infringement of the '243 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '243 Patent.

211.     Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '243 Patent.

212.     On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '243 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '243 Patent renders this case "exceptional" under 35 U.S.C. § 285.

213.     Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '243 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT 16
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '243 PATENT

214.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

215.    Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

216.    The '243 Patent includes claims that recite methods of administering a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising certain specified peaks.

217.    On information and belief, Aurobindo's Infringing ANDA Products contain a form of (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione, wherein the form has an X-ray powder diffraction pattern comprising the specified peaks.

218.    On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '243 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

219.    On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '243 Patent. Aurobindo will

therefore contribute to, or induce, the infringement of one or more claims of the '243 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

220.   On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '243 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '243 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

221.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '243 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

222.   Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

223.   This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 17
## <u>INFRINGEMENT OF THE '854 PATENT</u>

224.   Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

225.   On information and belief, Aurobindo has submitted or caused the submission of ANDA No. 211716 to FDA and continues to seek FDA approval of ANDA No. 211716.

226.    Aurobindo has infringed the '854 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 211716 with a Paragraph IV Certification and seeking FDA approval of ANDA No. 211716 prior to the expiration of the '854 Patent.

227.    The '854 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

228.    On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

229.    Aurobindo's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Aurobindo's Infringing ANDA Products would directly infringe, or would actively induce or contribute to infringement of the '854 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 211716, Aurobindo will make, use, offer for sale, or sell Aurobindo's Infringing ANDA Products within the United States, or will import Aurobindo's Infringing ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '854 Patent. *See id.*

230.    On information and belief, upon FDA approval of ANDA No. 211716, Aurobindo, through its own actions and through the actions of its agents and subsidiaries, will market and distribute Aurobindo's Infringing ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's Infringing ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's Infringing ANDA Products with a product label and product insert that will include instructions for using or administering Aurobindo's Infringing ANDA Products. On

information and belief, the product label and product insert accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '854 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's Infringing ANDA Products to directly infringe one or more claims of the '854 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '854 Patent and knowledge that it is encouraging infringement.

231.   Aurobindo had actual and constructive notice of the '854 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '854 Patent would constitute an act of infringement of the '854 Patent. Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products would not contribute to, or induce, the infringement of the '854 Patent.

232.   Aurobindo's Paragraph IV Statement in the Notice Letter lacks any sufficient contention that Aurobindo's Infringing ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '854 Patent.

233.   On information and belief, Aurobindo filed ANDA No. 211716 without adequate justification for asserting the '854 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Infringing ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '854 Patent renders this case "exceptional" under 35 U.S.C. § 285.

234.     Celgene will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '854 Patent. Celgene does not have an adequate remedy at law, and considering the balance of hardships between Celgene and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 18**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '854 PATENT**

235.     Celgene states, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

236.     Celgene's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

237.     The '854 Patent includes claims that recite methods of administering (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

238.     On information and belief, Aurobindo's Infringing ANDA Products contain (+)-2-[1-(3-ethoxy-4-methoxyphenyl)-2-methylsulfonylethyl]-4-acetylaminoisoindoline-1,3-dione.

239.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo's Infringing ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '854 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

240.     On information and belief, Aurobindo knows that healthcare professionals or patients will use Aurobindo's Infringing ANDA Products in accordance with the labeling sought by Aurobindo's ANDA. On information and belief, the product label and product insert

accompanying Aurobindo's Infringing ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for OTEZLA®, attached as Exhibit A, and which, if followed, will infringe the '854 Patent. Aurobindo will therefore contribute to, or induce, the infringement of one or more claims of the '854 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

241.    On information and belief, Aurobindo's infringing activity, including the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products complained of herein, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '854 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '854 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

242.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Celgene and Aurobindo concerning liability for the infringement of the '854 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

243.    Celgene will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Celgene has no adequate remedy at law.

244.    This case is exceptional, and Celgene is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Celgene respectfully requests the following relief:

(a)    The entry of a judgment, in favor of Celgene and against Aurobindo, that Aurobindo's submission of ANDA No. 211716 to the FDA seeking approval for the commercial

manufacture, use, offer for sale, or sale in the United States, or importation into the United States, Aurobindo's Infringing ANDA Products before the expiration of the Patents-in-Suit was an act of infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A);

(b)     The entry of a declaratory judgment, in favor of Celgene and against Aurobindo, declaring that Aurobindo's commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, Aurobindo's Infringing ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the Patents-in-Suit by Aurobindo under one or more of 35 U.S.C. § 271(a), (b), and (c);

(c)     The entry of a judgment declaring that the Patents-in-Suit remain valid and enforceable;

(d)     The entry of preliminary and permanent injunctions enjoining Aurobindo and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons and entities acting in concert, participation, or in privity with Aurobindo, and their successors or assigns, from commercially manufacturing, using, offering to sell, or selling Aurobindo's Infringing ANDA Products within the United States, or importing Aurobindo's Infringing ANDA Products into the United States, or inducing or contributing to such conduct, until the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(e)     The entry of a permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), enjoining Aurobindo and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons and entities acting in

concert, participation, or in privity with Aurobindo, and their successors or assigns, from commercially manufacturing, using, offering to sell, or selling Aurobindo's Infringing ANDA Products within the United States, or importing Aurobindo's Infringing ANDA Products into the United States, or inducing or contributing to such conduct, until the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(f)      The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 211716 shall be a date that is not earlier than the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(g)      A declaration under 28 U.S.C. § 2201 that if Aurobindo, its officers, directors, agents, servants, employees, representatives, attorneys, parents, subsidiaries, affiliates, other related business entities, or other persons or entities acting or attempting to act in concert, participation, or in privity with Aurobindo, or acting on Aurobindo's behalf, engage in the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, Aurobindo's Infringing ANDA Products, then it will constitute an act of direct or indirect infringement of the Patents-in-Suit;

(h)      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Aurobindo engages in the commercial manufacture, use, offer for sale, sale, or importation of Aurobindo's Infringing ANDA Products, or any product that infringes the Patents-in-Suit, or induces or contributes to such conduct, prior to the expiration of such patents, including any extensions or regulatory exclusivities;

(i)     The entry of judgment declaring that Aurobindo's acts render this case an exceptional case and awarding Celgene its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(j)     An award to Celgene of its costs and expenses in this action; and

(k)     Such other and further relief this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Celgene Corporation*

OF COUNSEL:

George F. Pappas
Christopher N. Sipes
Michael N. Kennedy
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
(415) 591-7035

July 6, 2018